IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMILE SAINT THOMPSON, ) | No. C 10-0413 MMC (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| CALIFORNIA DEPARTMENT OF ) CORRECTIONS AND ) REHABILITATION, SGT. WRIGHT, ) | |
| Defendant. ) | |

    On January 28, 2010, plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.    Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff claims that on December 14, 2009, at SQSP, defendant Sgt. Wright made sexually explicit and derogatory remarks over the prison's public address system about plaintiff's transgender/transexual identity. Plaintiff seeks monetary damages in the amount of ten million dollars for having been slandered and treated disrespectfully by Wright.

Plaintiff's claim is subject to dismissal with prejudice as a matter of law, as allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). Such dismissal will be without leave to amend, as any amendment under the circumstances alleged herein would be futile. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility).

## CONCLUSION

For the reasons stated above, the complaint is hereby DISMISSED with prejudice and without leave to amend.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 23, 2010

MAXINE M. CHESNEY
United States District Judge